IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GENA R. KILGORE-WILSON,

                 Plaintiff,

v.                                                              No. 2:11-cv-02601-JPM-cgc

HOME DEPOT, U.S.A. AND ZEP, INC.,

                 Defendant.

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO STRIKE**

Before the Court is Plaintiff Gena R. Kilgore-Wilson's ("Plaintiff") Motion to Strike Defendant Zep, Incorporated's ("Zep") affirmative defenses[1] for failure to satisfy Rules 8 and 12 of the Federal Rules of Civil Procedure. (Docket Entry "D.E." # 28). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton. (D.E. # 30).[2] A hearing was held before the Magistrate Judge on April, 16, 2012. For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion to Strike be DENIED.

---

[1] Defendants Zep and Home Depot, U.S.A. ("Home Depot") filed a joint Answer to the Amended Complaint, but Plaintiff's Motion only seeks to strike the affirmative defenses as to Zep. (Pl.'s Motion to Strike at 1, 5).

[2] As motions to strike pleadings are generally considered to be dispositive in nature, *see Anthony Snow v. Timothy Kemp*, No. 10-2363-STA-cgc, 2011 WL 321651, at *1 & n.2 (W.D.Tenn. Jan. 28, 2011) (citing cases), the Magistrate Judge must issue a Report and Recommendation on the instant motion to the District Court, *see* 28 U.S.C. § 636(b)(1)(C) & Fed. R. Civ. P. 72(b)(3).

1

**I. Factual Background**

The instant case arises from personal injury and property damage Plaintiff alleges to have sustained after purchasing a gallon jug of Zep Toilet Bowl Cleaner & Deodorizer from a Home Depot store in Memphis, Tennessee. Plaintiff claims that, as she was attempting to place the container of cleaning liquid into her vehicle to leave the store, the cap opened and the contents spilled onto her hand and onto the interior of her vehicle, severely injuring her and damaging her car.

On June 3, 2011, Plaintiff filed a negligence action against Defendants in the Circuit Court for Shelby County, Tennessee. On July 15, 2011, Defendants removed the instant case to this Court. On December 27, 2011, Plaintiff filed her Amended Complaint, which alleged negligence and strict liability for product defect and failure to warn against Defendant Zep and negligence against Defendant Home Depot. On January 26, 2012, Defendants filed their joint Answer to Plaintiff's Amended Complaint, which asserted the affirmative defenses of failure to state a claim upon which relief may be granted, comparative fault, failure to mitigate, and all defenses available under the Tennessee Products Liability Act, Tennessee Code Annotated Section 29-28-101 through 29-28-108.[3] Defendants pleaded their affirmative defenses as follows:

---

[3] Zep's Answer does not specifically list its First Defense of failure to state a claim upon which relief may be granted as an affirmative defense; however, it is clear from Zep's Response to the instant motion that it contends that this is an affirmative defense. (Def.'s Resp. at 6-7).

Additionally, Plaintiff's Motion to Strike seeks to strike Zep's Second Defense, which responds to the allegations of Plaintiff's Amended Complaint by paragraph. Zep states that this "Second Defense" is not an affirmative defense, but instead constitutes "admissions and denials" under Rule 8(b). Thus, as it does not appear the "Second Defense" contains any affirmative defense, the Court will not address it for purposes of this motion.

### FIRST DEFENSE

Plaintiff fails to state a claim against these Defendants upon which relief may be granted.

. . . .

### THIRD DEFENSE

As an Affirmative Defense, these Defendants would assert the doctrine of comparative fault and more specifically would assert that Plaintiff clearly committed numerous acts of negligence by placing her hands into a substance clearly marked with the warning that states "**Danger"** . . . [and] "CAUSES EYE, SKIN AND MUCOUS MEMBRANE BURNS."

### FOURTH DEFENSE

As an Affirmative Defense, these Defendants would assert that the Plaintiff failed to mitigate her damages.

### FIFTH DEFENSE

As an Affirmative Defense, these Defendants would rely on all defenses available to it under the Tennessee Products Liability Act, Tennessee Code Annotated Section 29-28-101 [through] 29-28-108.

(Def.'s Answer at 1-5) (emphasis in original).

**II. Analysis**

The sole issue presented in the instant motion is whether Zep's affirmative defenses should be stricken under Rules 8 and 12 of the Federal Rules of Civil Procedure.[4] It is "well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for purposes of justice." *Brown & Williamson Tobacco Corp.*

---

[4] As a threshold matter, Zep argues that Plaintiff failed to file the Motion to Strike within twenty-one days of the filing of the Answer in accordance with Rule 12(f) of the Federal Rules of Civil Procedure. While Zep is correct that Plaintiff's motion is untimely, Rule 12(f) further allows the Court to consider the adequacy of the pleadings "on its own" with no time limitation. Fed. R. Civ. P. 12(f)(1). "This grant of judicial discretion has been interpreted to allow the district court to consider untimely motions to strike . . ." *Deluca v. Blue Cross Blue Shield of Michigan*, 2007 WL 1500331, at *1 (E.D.Mich. 2007) (quoting *United States v. Lot 65 Pine Meadow*, 976 F.2d 1155, 1157 (8th Cir. 1992)). On this basis, the Court elects to consider the merits of the motion.

*v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted).

In *Del-Nat Tire Corporation v. A to Z Tire & Battery, Incorporated*, this Court set forth the pleading requirements and the grounds for striking insufficient defenses under Rules 8 and 12:

> A "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 8(a) provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rules 8(b) and (c) provide that, in responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it" and "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A) & (c).

No. 2:09-cv-02457-JPM-tmp, 2009 WL 4884435, at *1 (W.D.Tenn. Dec. 8, 2009).

The *Del-Nat* court further discussed the impact of the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), on the pleading requirements:

> In *Twombly*, the Supreme Court explained that a complaint must state sufficient facts to show not just a possible claim for relief, but a "plausible" claim of relief. Thus, in order for a complaint to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient facts to demonstrate a plausible claim, or that from the facts alleged there is a "'reasonably founded hope' that a plaintiff would be able to make a case."

*Del Nat*, 2009 WL 4884435, at *2 (citations omitted).

The *Del-Nat* court stated that the Sixth Circuit Court of Appeals had not addressed the issue of whether the requirements of *Twombly* apply to the pleading of an affirmative defense and that the district courts have reached different conclusions on this question. *Del Nat*, 2009 WL 4884435, at *2 (compiling cases); *Snow*, 2011 WL 3211651, at *2 n.9.[5] Further, it does not appear that the Sixth

---

[5] Although the Sixth Circuit has not resolved this question, this Court has acknowledged that the Sixth Circuit has discussed in general whether a heightened pleading standard exists for affirmative defenses. *Clint Damron v. ATM Central, LLC*, No. 1:10-cv-01210-JDB-egb, 2010 WL 6512345, at *2 (W.D.Tenn. Oct. 29, 2010) (citing *Montgomery v. Wyeth*, 580 F.3d 445, 468 (6th Cir. 2009)). Specifically, the Sixth Circuit has stated following the decisions in *Twombly*

4

Circuit has resolved this issue to date.

Despite this unsettled area of law, both the *Del-Nat* and *Snow* courts agreed that it is not necessary to resolve the question of whether *Twombly* applies to affirmative defenses when the affirmative defenses would either meet or fail either standard. *Id.* Thus, even assuming, *arguendo*, that *Twombly* applies to affirmative defenses, the Court recommends that Zep's affirmative defenses sufficiently meet that standard. While Zep's affirmative defenses may lack specific factual details, they provide Plaintiff with "fair notice of the defense that is being advanced" and "the grounds for entitlement to relief." *Del-Nat*, 2009 WL 4884435, at *2 (quoting *Frank Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.,* No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1-2 (W.D.Wis. Sept. 25, 2008). This is particularly true for Zep's pleading of comparative fault, which specifically sets forth that Plaintiff committed "numerous acts of negligence including placing her hands into a substance clearly marked with the warning that states '**Danger**' . . . [and] 'CAUSES EYE, SKIN AND MUCOUS MEMBRANE BURNS." (Def.'s Answer at 4) (emphasis in original).

The Court's recommendation that Zep's pleading of its affirmative defenses comports with Rules 8 and 12 is further supported by the Sixth Circuit's decision in *Montgomery*, where, post-*Twombly*, the Sixth Circuit held that the defendants sufficiently pleaded the statute of repose and the other statutory affirmative defenses under the Tennessee Products Liability Act with a simple and

---

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that "[t]he Federal Rules of Civil Procedure do not require a heightened pleading standard for . . . defense[s]." *Montgomery*, 580 F.3d at 468. The *Montgomery* court further reasoned that Rule 8(b)(1) provides merely that "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim" and that Rule 8(d)(1) requires that averments in pleadings be "simple, concise, and direct," and that [n]o technical form is required." *Id.*

concise statement raising the affirmative defenses. *Montgomery*, 580 F.3d at467-68.[6] Thus, *Montgomery* strongly bolsters a finding that Defendant's statutory defenses, also under the Tennessee Products Liability Act, are sufficiently plead to provide fair notice. As to Zep's other affirmative defenses of failure to state a claim, comparative fault, and failure to mitigate, the Court finds no reason under Sixth Circuit precedent that these should be subjected to any different level of scrutiny than utilized in *Montgomery*.

Finally, this Court has held that affirmative defenses should not be stricken as insufficient unless they are "'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Damron*, 2010 WL 6512345, at *1 (quoting 5C Wright & Miller 3d § 1380). Otherwise stated, "'if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient.'" *Snow*, 2011 WL 321651, at *2 (quoting *Williams v. Provident Inv. Counsel*, 279 F. Supp. 2d 894, 906 (N.D.Ohio 2003)). This question depends upon the pleadings in each particular case, as "what constitutes an insufficient defense under Rule 12(f) depends upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question." *Snow*, 2011 WL 321651, at *2 (quoting 5C Wright & Miller 3d § 1381).

Plaintiff has not alleged how Zep's affirmative defenses of failure to state a claim, comparative fault, failure to mitigate, and its affirmative defenses under the Tennessee Products

---

[6] The defendants' answer in *Montgomery* stated that the plaintiff's "causes of action are barred in whole or in part by the applicable statutes of limitations and repose" and listed in their affirmative defenses the "defenses of the Tennessee Products Liability Act," which includes therein a codification of the statute of repose at Tennessee Code Annotated Section 29-28-103. 580 F.3d at 467-68.

6

Liability Act are unrelated in any way to her claims; on the contrary, these defenses appear to the Court to be standard affirmative defenses to Plaintiff's negligence action.[7] In addition, Plaintiff has not alleged how she is prejudiced by the inclusion of these defenses, and the Court is not aware of any such prejudice. Accordingly, the Magistrate Judge recommends that Zep's affirmative defenses should not be stricken for failure to comply with Rules 8 and 12 of the Federal Rules of Civil Procedure.[8]

**III. Conclusion**

For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's Motion to Strike be DENIED.

**DATED** this 20th day of April, 2012.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[7] Although Plaintiff additionally has asserted claims of strict liability against Zep for product defect and failure to warn, the Court need not address for purposes of this motion whether Defendants may maintain all of its affirmative defenses against strict liability claims.

[8] Plaintiff filed a Request for Permission to File Reply to Defendant's Response to Plaintiff's Motion to Strike (D.E. #35), in which she sought to file a reply to raise issues of equitable estoppel and the "doctrine of 'clean hands'" based upon the issue that Zep "admitted via e-mail that the affirmative defenses complained of by Plaintiff were in fact deficient and further that Defendant would correct the deficiencies by March 30, 2012." (Pl.'s Reply at 1). In a separate Order, the Court denied Plaintiff's motion, as Plaintiff did not attach the proposed "Exhibit A" that served as the basis for the proposed reply, did not make "Exhibit A" part of the record at the hearing, and as the Court did not believe the proposed reply would affect the recommendation on the underlying motion.